

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AN INTEREST IN THE REAL PROPERTY LOCATED AT 5201 BASCULE AVENUE, WOODLAND HILLS, CALIFORNIA,<br><br>Defendant.<br><br>JAVID MENEGEN,<br><br>Claimant. | NO. CV 03-776 SVW (PJWx)<br><br>[PROPOSED]<br><br>CONSENT JUDGMENT OF FORFEITURE |

Plaintiff and Claimant Javid Menegen ("Claimant") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. The government has given and published notice of this action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. All potential claimants to the defendant An Interest in the Real Property Located at 5201 Bascule Avenue, Woodland Hills, California ("defendant property") other than Claimant are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

3. The defendant property is titled in the name of David Danesh the Trustee of David Danesh Family Trust, established on March 10, 2016 (the "Trust"), has Assessor Parcel Number 2166-028-035, and is more particularly described as follows:

> THE FOLLOWING DESCRIBED REAL PROPERTY LOCATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA:
>
> PARCEL B AS SHOWN ON PARCEL MAP L.A. NO. 8047 AS PER MAP FILED IN BOOK 34 PAGE 27 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

4. The Trust shall retain possession of and title to the defendant property, except as provided herein.

5. Claimant shall pay the sum of $300,000.00 to the government not later than 180 days following entry of this Consent Judgment. Such payment shall be made in the form of a cashier's check made payable to the "United States Department of the Treasury", and shall be delivered to Assistant United States Attorney Steven R. Welk, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012. Said sum is hereby ordered forfeited to the United States of America and no other right, title or interest shall exist therein. The Internal Revenue Service ("IRS") is ordered to dispose of the funds in accordance with law.

6.      No later than 90 days following the entry of this Consent Judgment, the parties shall appear telephonically before the Honorable Patrick J. Walsh to advise on the status of the payment to the government. If Claimant informs the Court that he is unable to make the requested payment within the time set in this Consent Judgment, Judge Walsh shall have the discretion to extend the deadline for payment.

7.      In consideration of Claimant's payment of the above-described funds, the government shall to forego its attempts to seek forfeiture of the defendant property in connection with any conduct committed up to and including the date of the filing of this Judgment. The government agrees that if timely payment is arranged, it shall provide an executed Withdrawal of Lis Pendens for filing with the County Recorder of Los Angeles County.

8.      Should Claimant fail to make the payment required herein within the time allowed, the following shall apply:

   a.      The government shall acquire a lien against the defendant real property in the sum of $300,000.00. Said lien shall include a right of sale, allowing the government to take possession of and sell the defendant property beginning 10 days after the expiration of the 180-day deadline after the entry of Judgment, or any extended deadline set by Judge Walsh, unless the parties agree otherwise in writing.

   b.      Upon taking possession of the defendant property, the IRS shall sell the property following the same procedures that would apply if the property had been forfeited.

   c.      Upon taking possession of the defendant property pursuant to this paragraph, the IRS is authorized to remove any occupants and/or personal property remaining on the defendant property without further order of the Court. The IRS shall thereafter sell the property. The proceeds of sale shall be applied as follows, to the extent proceeds are available:

    i. First, to all costs incurred by the IRS in taking possession of and selling the defendant property;

    ii. Second, to the known lienholders: (1) U.S. Small Business Administration, as expressed in document number 94-1554091, filed on August 23, 1994; (2) James Yeramian, Clerk of the Governing Board, Mountains Recreation and Conservative Authority, as expressed in document number 20131141559, filed on August 2, 2013; and (3) Mountains Recreation and Conservative Authority, as expressed in document number 20170055097, filed on January 13, 2017.

    iii. Third, to the payment due under the terms of this Consent Judgment; and

    iv. Fourth, any remainder to Claimant.

  9. The Court finds that there was reasonable cause for the institution of this action. This consent judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

  10. Each of the parties shall bear its own fees and costs in this action.

DATED: Sept 4, 2019

THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE